**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **PHOTONIC CURING LLC,** § | |
| § | |
| Plaintiff, § | Civil Action No.: 2:15-cv-00634-RWS |
| § | |
| v. § | |
| § | |
| **KERR CORPORATION;** § | **JURY TRIAL DEMANDED** |
| § | |
| Defendant. § | |
| § | |

**DEFENDANT KERR CORPORATION'S ORIGINAL ANSWER, COUNTERCLAIMS,
AND ADDITIONAL DEFENSES**

Defendant Kerr Corporation ("Kerr" or "Defendant") files its Original Answer, Counterclaims, and Additional Defenses to Plaintiff Photonic Curing LLC's ("Photonic" or "Plaintiff") Complaint for Patent Infringement (ECF No. 5)[1] ("Complaint"), and shows the Court as follows:

**I.     ORIGINAL ANSWER**

**NATURE OF THE ACTION**

1.     Kerr admits that the Complaint purports to bring a patent infringement action. Kerr denies infringement of U.S. Patent No. 6,468,077 (the "'077 Patent"). Kerr is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 1 of the Complaint, and therefore denies same.

---

[1] "Photonics Curing LLC" filed an Original Complaint in this case on May 8, 2015. Dkt. No. 1. Later the same day, an Amended Complaint was filed by "Photonic Curing LLC." Dkt. No. 5. The case docket shows that Photonics Curing LLC was terminated from the case on the same day. The summons served on Kerr included a copy of the Complaint filed by Photonic Curing LLC, and Kerr now responds to same.

## PARTIES

2. Kerr is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint, and therefore denies same.

3. Kerr admits that it is a Delaware corporation with a principal place of business at 1717 West Collins Avenue, Orange, California 75093. Kerr admits that it may be served with process through its registered agent, CT Corporation System located at 1999 Bryan St., STE 900, Dallas, TX 75201.

## JURISDICTION AND VENUE

4. Kerr admits that the Complaint purports to state a claim for patent infringement arising under the patent laws of the United States and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Kerr denies the remaining allegations in Paragraph 4 of the Complaint.

5. For purposes of this action, Kerr does not contest that this Court has personal jurisdiction over Kerr or that Kerr conducts business within the State of Texas and within the Eastern District of Texas. Kerr denies the remaining allegations in Paragraph 5 of the Complaint.

6. Kerr admits that it offers its products in the United States, the State of Texas, and the Eastern District of Texas. Kerr denies the remaining allegations in Paragraph 6 of the Complaint.

7. Kerr denies that it has committed any acts of infringement in this or any other district. Kerr denies that this district is a convenient forum under 28 U.S.C. § 1404 and reserves the to challenge the convenience of this venue. Kerr denies the remaining allegations of Paragraph 7 of the Complaint.

## COUNT I - PATENT INFRINGEMENT

8. Kerr incorporates its responses to Paragraphs 1-7 above as if fully set forth herein.

9. Kerr admits that Exhibit A to the Complaint purports to be a copy of the '077 Patent. Kerr is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 9 of the Complaint, and therefore denies same.

10. Kerr admits that the '077 Patent recites "A compact, hand held device for curing photosensitive dental compositions curable by way of irradiation with light of predetermined wavelength comprising: (a) a handle configured for gripping by a user; (b) a light emitting diode head assembly secured to said handle including at least one light emitting diode constructed to emit light of said predetermined wavelength in response to an applied operating current, said light emitting diode having a characteristic maximum luminous power output where increasing the current does not increase the optical power output; and (c) a current supply coupled to said light emitting diode, said current supply operating said light emitting diode at a luminous power output of at least about 85 percent of its characteristic maximum luminous power output." Kerr denies the remaining allegations in Paragraph 10 of the Complaint.

11. Kerr admits that the '077 Patent recites "A method for curing a photosensitive dental composition for repairing a dental cavity or a dental surface, said composition being curable by way of irradiation with light of predetermined wavelength, said method comprising: (a) applying the dental composition to the cavity or dental surface; and (b) irradiating said composition with light of said preselected wavelength generated by way of a light emitting diode having a characteristic maximum luminous power output where increasing a current supplied to said light emitting diode does not increase its optical power output, wherein said light emitting diode is operated at a luminous power output of at least about 85 percent of said characteristic

maximum luminous power output." Kerr denies the remaining allegations in Paragraph 11 of the Complaint.

12. Kerr denies the allegations in Paragraph 12 of the Complaint.[2]

13. Kerr denies the allegations in Paragraph 13 of the Complaint.

14. Kerr denies the allegations in Paragraph 14 of the Complaint.

15. Kerr denies the allegations in Paragraph 15 of the Complaint.

16. Kerr denies the allegations in Paragraph 16 of the Complaint.

17. Kerr denies the allegations in Paragraph 17 of the Complaint.

18. Kerr admits that it was served with the Complaint, including Exhibit A, which purports to be a copy of the '077 Patent. Kerr denies the remaining allegations in Paragraph 18 of the Complaint.

19. Kerr denies the allegations in Paragraph 19 of the Complaint.

20. Kerr denies the allegations in Paragraph 20 of the Complaint.

21. Kerr denies the allegations in Paragraph 21 of the Complaint..[3]

22. Kerr is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint, and therefore denies same.

23. Kerr denies the allegations in Paragraph 23 of the Complaint.

24. Kerr denies the allegations in Paragraph 24 of the Complaint.

## JURY DEMAND

Kerr admits that Plaintiff has requested a trial by jury.

---

[2] The Complaint includes two paragraphs numbered "11." *See* Complaint, at 3-4 (Dkt. No. 5). The paragraph numbering is corrected herein to avoid repeated paragraph numbers.

[3] On page 6 of the Complaint, the paragraph numbering restarts at paragraph 12 following what is identified as paragraph 19. Kerr has continued its corrected paragraph numbering such that paragraph 12 on page 6 of the Complaint corresponds to paragraph 21 in its Answer. This same correction is carried through for paragraphs identified as 13, 14, and 15, on page 7 of the Complaint.

**PRAYER FOR RELIEF**

Kerr denies that Plaintiff is entitled to any of the relief requested in the Complaint. To the extent not expressly admitted, Kerr denies each and every, all and singular, factual allegations contained in the Complaint.

## II. ADDITIONAL DEFENSES

Further answering the Complaint, and as additional defenses thereto, Kerr asserts the following additional defenses, without assuming the burden of proof when the burden of proof on any issue would otherwise rest with Photonic. Kerr expressly reserves the right to amend its Answer and defenses as additional information becomes available and/or is otherwise discovered.

### FIRST ADDITIONAL DEFENSE

25.  Kerr has not infringed and does not infringe any valid and enforceable claim of the '077 Patent, whether directly, indirectly, willfully, individually, jointly, contributorily, and/or by inducement, either literally or under the doctrine of equivalents.

26.  By way of example, Kerr does not infringe any claim of the '077 Patent because operation of the Accused Instrumentality does not involve operating an LED at an output of at least about 85 percent of its maximum output.

### SECOND ADDITIONAL DEFENSE

27.  The Complaint fails to state a claim upon which relief can be granted and is subject to dismissal. The Complaint fails to provide sufficient factual content to state a plausible claim that Kerr infringes any claim of the '077 Patent in any respect. Further, the Complaint contains no plausible factual basis supporting its assertion of a claim under the doctrine of equivalents.

**THIRD ADDITIONAL DEFENSE**

28. Plaintiff is wholly or partially barred from the relief that is seeks because one or more claims of the '077 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

29. By way of example, based at least upon Photonic's apparent claim constructions and infringement assertions, the claims of the '077 Patent are invalid under 35 U.S.C. § 102 based on U.S. Patent No. 6,419,483 (the "'483 Patent").

30. By way of further example, based at least upon Photonic's apparent claim constructions and infringement assertions, the claims of the '077 Patent are invalid under 35 U.S.C. § 102 based on U.S. Patent No. 6,485,301 (the "'301 Patent"). The '301 Patent is prior art at least under 35 U.S.C. § 102 to the '077 Patent's claims.

**FOURTH ADDITIONAL DEFENSE**

31. By reason of the proceedings at the United States Patent and Trademark Office during prosecution of the application leading to the issuance of the '077 Patent, Plaintiff is estopped from asserting that Kerr has infringed, either literally or under the doctrine of equivalents, any claim of the '077 Patent.

**FIFTH ADDITIONAL DEFENSE**

32. Plaintiff's claims for relief are barred in whole or in part by the equitable doctrines of estoppel, waiver, acquiescence, and/or unclean hands. By way of example, Plaintiff's claims are barred to the extent that it delayed filing suit for an unreasonable and inexcusable length of time after it knew or reasonably should have known of its potential claim against Kerr and that delay prejudiced Kerr.

**SIXTH ADDITIONAL DEFENSE**

33. To the extent that Plaintiff, any former assignee, or any former or current licensee failed to properly mark any relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Kerr's actions allegedly infringed any claim of the '077 Patent, Kerr is not liable to Plaintiff for the acts alleged to have been performed before Kerr received notice that it was allegedly infringing the '077 Patent.

**SEVENTH ADDITIONAL DEFENSE**

34. Plaintiff is not entitled to past damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by Kerr of the claims of the '077.

**EIGHTH ADDITIONAL DEFENSE**

35. Plaintiff is not entitled to any injunctive relief because Plaintiff has, at a minimum, no irreparable injury, and an adequate remedy at law.

**NINTH ADDITIONAL DEFENSE**

36. The Complaint fails to identify an alleged third party that directly infringes the '077 Patent and fails to allege facts that plausibly support the conclusion that a third party directly infringes the '077 Patent. The Complaint further fails to allege facts that plausibly support the claim that Kerr, with knowledge of the '077 Patent, committed culpable conduct directed to encouraging or inducing another party's infringement. Accordingly, the Complaint fails to state a claim under 35 U.S.C. § 271(b) or § 271(c).

**III. COUNTERCLAIMS**

**PARTIES**

37. Kerr is a Delaware corporation with a principal place of business at 1717 West Collins Avenue, Orange, California 75093.

38. On information and belief, and as alleged in its Complaint, Photonic is a limited liability company organized and existing under the laws of the State of Texas. Photonic maintains its principal place of business at 1400 Preston Road, Suite 400, Plano, Texas 75093.

## JURISDICTION

39. Photonic filed its Complaint in this Court against Kerr for patent infringement. Photonic alleges in its Complaint that it is the owner by assignment of the '077 Patent and has the exclusive right to sue for infringement of the '077 Patent.

40. Photonic alleges in its Complaint that Kerr has infringed and continues to infringe the '077 Patent. Kerr denies these allegations.

41. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*. This Court further has subject matter jurisdiction over these counterclaims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, as this action is based upon an actual controversy between Photonic and Kerr regarding the invalidity and/or non-infringement of the claims of the '077 Patent.

42. The Court has personal jurisdiction over Photonic because Photonic filed this action in this Court. Photonic has previously appeared in this action, is represented by counsel, and has submitted to the personal jurisdiction of this Court.

43. The Court also has personal jurisdiction over Photonic in that it has committed acts within Texas and this judicial district giving rise to this action and it has established minimum contacts with the forum such that the exercise of jurisdiction over Photonic would not offend traditional notions of fair play and substantial justice.

## VENUE

44. Photonic has committed acts within this judicial district giving rise to this action, including filing this action in this judicial district. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

45. Photonic consented to venue in this District by filing its Complaint against Kerr in this District. Kerr alleges that this District is not the most convenient forum under 28 U.S.C. § 1404, and accordingly, reserves the right to file a motion to transfer under § 1404(a) to that effect.

## FIRST COUNTERCLAIM:  DECLARATORY JUDGEMENT OF NON-INFRINGEMENT OF THE '077 PATENT

46. To the extent non inconsistent, Kerr incorporates by reference the allegations of its Answer, Additional Defenses, and Counterclaims as if fully set forth herein.

47. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and in view of the foregoing, Kerr requests a declaration by this Court that it does not infringe any claim of the '077 Patent.

## SECOND COUNTERCLAIM:  DECLARATORY JUDGEMENT OF INVALIDITY OF THE '077 PATENT

48. To the extent non inconsistent, Kerr incorporates by reference the allegations of its Answer, Additional Defenses, and Counterclaims as if fully set forth herein.

49. The claims of the '077 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

50. By way of example, based at least upon Photonic's apparent claim constructions and infringement assertions, the claims of the '077 Patent are invalid under 35 U.S.C. § 102 based on the '483 Patent.

51. By way of further example, based at least upon Photonic's apparent claim constructions and infringement assertions, the claims of the '077 Patent are invalid under 35 U.S.C. § 102 based on the '301 Patent.

52. Pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and in view of the foregoing, Kerr requests a declaration by this Court that the claims of the '077 Patent are invalid for failure to comply with one or more requirements of the patent laws of the United States, 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## JURY DEMAND

Kerr requests a jury trial for all triable issues in the Complaint and Kerr's Counterclaims to the extent allowed by the United States Constitution and the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

Kerr respectfully requests that a final judgment be entered as follows:

   a. Denying Photonic any of the relief requested in its Complaint;

   b. Declaring that Kerr has not infringed any claim of the '077 Patent;

   c. Declaring that the claims of the '077 Patent are invalid;

   d. Awarding Kerr its attorneys' fees because this is an exceptional case; and

   e. Awarding to Kerr of such other and further relief, both general and special, at law or in equity, as the Court may deem just and proper.

|  |  |
|---|---|
| Date: July 31, 2015 | By  /s/  *Robert Greeson*<br>Robert Greeson<br>Texas Bar No. 24045979<br>robert.greeson@nortonrosefulbright.com<br>Lead Attorney<br>Gita Srivastava<br>Texas Bar No. 24083898<br>gita.srivastava@nortonrosefulbright.com |

                                    **NORTON ROSE FULBRIGHT US LLP**
                                    2200 Ross Avenue, Suite 3600
                                    Dallas, Texas 75201-7932
                                    Tel:   (214) 855-8000
                                    Fax:  (214) 855-8200

                                    Gina Shishima
                                    Texas Bar No. 24008032
                                    gina.shishima@nortonrosefulbright.com

                                    **NORTON ROSE FULBRIGHT US LLP**
                                    666 Fifth Avenue
                                    New York, NY 10103-3198
                                    Tel:   (212) 318-3000
                                    Fax:  (212) 318-3400

                                    **ATTORNEYS FOR DEFENDANT**
                                    **KERR CORPORATION**

## CERTIFICATE OF SERVICE

       The undersigned hereby certifies that on July 31, 2015, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system.  Any other counsel of record will be served in accordance with the Federal Rules of Civil Procedure.

                                                          */s/ Robert Greeson*
                                                          Robert Greeson